# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF MIDDLESEX, OCTOBER TERM 1825, AT CAMBRIDGE.

---

**PRESENT:**

Hon. ISAAC PARKER, Chief Justice,
Hon. SAMUEL S. WILDE, } Justices.
Hon. MARCUS MORTON, }

---

## George Johnson *et al.* in Error, *versus* Josiah Wetherbee.

In trespass a plaintiff recovered a verdict for 275 dollars, and afterwards judgment was rendered for 308, being the former sum with interest. The defendant reviewed and a verdict was returned for 300 dollars; the first judgment was thereupon affirmed and the plaintiff took judgment for 300 dollars and costs. Upon error it was *held*, that the first judgment should have been affirmed in part only, and that the defendant was therefore entitled to the costs of the review.

The defendant in error was the original plaintiff in an action of trespass. The case involved a question of costs depending upon *St.* 1786, *c* 66, respecting reviews in civil actions. It was argued at the October terms in 1822 and 1823, and afterwards in writing, by *T. Fuller* for the plaintiff in error and *Fay* for the defendant. The facts will appear in the opinion of the Court, which was delivered by

WILDE J. This is a case in error, and must be decided *Oct. 17th.* on principles of strict law. So that whatever hardships may result to either party from the decision, no appeal to the discretion of the Court to avoid it can prevail.

The question is, whether the error assigned is such as authorizes and requires us to reverse the judgment. The judgment was rendered in this Court in an action of review, in which the plaintiffs in error were also plaintiffs in review, and defendants in the original action. On the trial of the original action a verdict was returned for the plaintiff, and damages were assessed in the sum of 275 dollars. An appeal was claimed by the original defendants to the Circuit Court of the United States, and judgment was thereby delayed two years. The appeal was not sustained, and judgment on the verdict was rendered, with interest for the intervening delay, being 33 dollars. The defendant sued out a writ of review, and on a trial of the review a verdict was returned for the original plaintiff, and damages were assessed in the sum of 300 dollars. Whereupon judgment was rendered in the words following, *viz.* — " It is therefore considered by the Court here, that the former judgment which remains wholly unsatisfied be affirmed. And it is further considered by the Court here, that the said Wetherbee recover against said Johnson *et al.* defendants, the sum of three hundred dollars damages, which includes the principal sum of damage in said former judgment, and costs of this and said former suit."

It is manifest that this judgment cannot be sustained, unless the Court were authorized to add the interest computed in the original action, to the damages estimated by the jury on the review. And it is equally manifest, we think, that the Court had no such authority. The jury are the legal and exclusive judges of the damages. If they assume an incorrect rule in assessing them, the remedy is by motion for a new trial. But in the case under consideration it does not appear by what rule of computation the damages were assessed ; whether interest was taken into consideration at all, or if it were, whether it was computed up to the time of the rendition of judgment in the original suit, or to the time when the verdict was returned. The legal presumption is, nothing appearing to the contrary, that if the subject of interest was taken into consideration, it was computed up to the time when judgment was rendered ; for it is clear that such was the legal and correct rule of computation. It does not appear whether the jury had any instruc-

tions on this point or not, but if they had any such instruc-
tions, and the instructions were wrong, which however is not
pretended, the defendant in review should have tendered his
exceptions.   If therefore it appeared by the record that the
jury did not allow interest, or allowed it only up to the time
of the first verdict, it would not authorize the Court to increase
the damages ; they could only order a new trial.   But as 't
does not appear upon what principles the jury estimated dam-
ages, we are bound to presume that they were estimated cor-
rectly.   It follows, therefore, that the judgment on the re-
view could be only for 300 dollars damages, and such was the
judgment rendered.   But it is erroneous in affirming the
judgment in the original suit, which was for 308 dollars dam-
ages.   It ought to have been reversed in'part.   It is erroneous
also in giving costs of review to the original plaintiff.   The
plaintiff in review was the prevailing party in that suit, and by
the statute was entitled to costs.   It has been argued that he
was guilty of laches in not moving for judgment for his costs.
But the practice does not require that such a motion should
have been made.   The judgment therefore is clearly erroneous
and must be reversed ; and the judgment which ought to have
been rendered will be now entered.   This judgment is, that
the judgment in the original suit is affirmed in part, *viz.* for
the sum of 300 dollars damages and costs of suit in said
original action, and that the same be reversed as to the residue ;
and that the plaintiff in review recover his costs of suit in that
action.